# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>KEVIN JONES<br><br>Defendant(s) | )<br>)<br>)  Case No.<br>)         6:21-mj- 2035<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __December 6, 2021__ in the county of __Osceola__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g) | Possession of a Firearm by a Convicted Felon |

This criminal complaint is based on these facts:
See the attached affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Jesuel Cortes, Task Force Office, FBI
Printed name and title

Sworn to before me via telephone and/or Zoom and signed by me pursuant to Fed. R. Crim. P. 4.1. and 41(d)(3).

Date: 12/30/2021

_____
Judge's signature

LESLIE R. HOFFMAN, U.S. Magistrate Judge
Printed name and title

City and state: Orlando, Florida

STATE OF FLORIDA                                   CASE NO.: 6:21-mj-2035

COUNTY OF ORANGE

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Jesuel Cortes, being duly sworn, state the following:

### INTRODUCTION

1. I am a Task Force Officer ("TFO") of the Federal Bureau of Investigation (the "FBI"), and as such, I am an investigative or law enforcement officer of the United States within the meaning of Rule 41(a)(2)(C) of the Federal Rules of Criminal Procedure. I am engaged in the enforcement of criminal laws and am within a category of officers authorized by the Attorney General to request and execute search warrants pursuant to Title 18 U.S.C. §§ 3052 and 3107; and DOJ regulations set forth at Title 28 C.F.R. §§ 0.85 and 60.2(a).

2. I have been a TFO with the FBI since April 2021. I am currently assigned to the Orlando Resident Agency of the Tampa Division. My educational background includes study in the field of criminal justice. I have been a sworn law enforcement officer for the Osceola County Sheriff's Office (OCSO) since 2011 and worked criminal investigations as a detective for the past eight years.

### PURPOSE OF AFFIDAVIT

3. This affidavit is submitted in support of a criminal complaint against KEVIN JONES (JONES) for violations of 18 U.S.C. § 922(g). I believe there is probable cause that on or about December 6, 2021, in Osceola County, Florida,

JONES, a convicted felon, knowingly possessed a firearm in or affecting interstate commerce.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, officers, and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and does not set forth all of my knowledge about this matter.

## STATUTORY AUTHORITY

5. 18 U.S.C. § 922(g) states that it shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year, to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

## PROBABLE CAUSE

6. On December 6, 2021, FBI Tampa received a complaint from VICTIM, who stated that JONES had manufactured ricin, a biological toxin. VICTIM also stated that JONES planned to use the ricin to kill VICTIM, who currently lives in Texas. VICTIM was notified by WITNESS, who stated that JONES told WITNESS he was going to put the ricin in a toy water gun and spray it in VICTIM's face when VICTIM traveled to Florida in May for a family member's graduation.

7. The complaint also stated that WITNESS had sent VICTIM a text message about JONES'S plans. WITNESS also sent VICTIM photographs of

2

paperwork containing the word "ricin," several vials with an unknown liquid, and plastic containers, which WITNESS claimed contained ricin. Below are the photos



mentioned.

8. On December 15, 2021, OCSO was notified of the same complaint through VICTIM's attorney. OCSO detectives telephonically interviewed VICTIM, who stated that she had previously been in a relationship with JONES for approximately eight years and had been separated for about the past year and a half. VICTIM stated that JONES had become increasingly angry due to child custody

issues. VICTIM confirmed the messages from WITNESS and recognized items in the background of pictures, indicating that the photos were taken from inside the PREMISES.

9. On December 17, 2021, OCSO detectives telephonically interviewed WITNESS. WITNESS confirmed sending the text messages to VICTIM because WITNESS was scared for their lives. WITNESS stated that over the last several months, JONES had ordered numerous items from Amazon.com in order to manufacture ricin. WITNESS also stated that JONES intended to use a water gun to spray the ricin in VICTIM's face. WITNESS stated that JONES had recently tested water guns to see which ones leaked. WITNESS also stated that JONES said he would go on vacation immediately after he sprayed VICTIM in the face so he would have an alibi when VICTIM died. WITNESS stated that JONES kept the items needed to manufacture ricin in the office of his apartment and that JONES wore protective equipment, to include a mask and gloves, anytime he handled the items. WITNESS stated that JONES had called WITNESS on December 17, 2021, and said he was travelling to Texas that day. WITNESS stated that JONES had recently become more agitated towards WITNESS and VICTIM.

10. On December 17, 2021, VICTIM notified OCSO that she had recently spoken to JONES to inform him she would not be sending their juvenile daughter to Florida for Christmas. JONES stated that he was going to travel to Texas that day. On December 17, 2021, while I was conducting a physical surveillance of JONES'S residence, JONES was identified leaving his residence in the VEHICLE. JONES

4

placed several plastic containers, similar in appearance to the ones WITNESS had said contained ricin. OCSO conducted a felony traffic stop on JONES'S vehicle. On December 17, 2021, OCSO also obtained state search warrants for JONES'S vehicle and residence. During a preliminary search of JONES'S vehicle, Orange County Sheriff's Office Bomb Squad personnel located a plastic water gun filled with an unknown liquid and four vials filled with unknown liquids. JONES'S vehicle was impounded and secured pending final laboratory results of the collected samples.

11. On December 17, 2021, JONES was interviewed by OCSO detectives subsequent to the search. After OCSO detectives gave JONES *Miranda* warnings, JONES admitted to manufacturing ricin with the intent to kill VICTIM. JONES admitted to researching how to manufacture ricin. JONES also admitted to ordering the necessary items to make ricin, to include castor beans, acetone, and salt. JONES admitted that he started making the ricin because he was angry with VICTIM. JONES was then arrested by OCSO for violating Florida State Statute 790.166(2), (Manufacture, possession, sale, delivery, display, use, or attempted or threatened use of a weapon of mass destruction or hoax weapon of mass destruction).

12. On December 17, 2021, OCSO conducted a protective sweep of JONES'S residence utilizing a robot which revealed on recorded video footage several items that JONES had purchased, including acetone. The property was then sealed pending final laboratory results of the collected samples from the VEHICLE.

13. On December 21, 2021, I received notification from the FBI laboratory that several items collected from JONES'S vehicle had tested positive for Ricinus communis agglutinin (RCA) toxins by a Cell Free Translation (CFT) assay.

14. A criminal history check of JONES revealed that JONES has been convicted of numerous felony offenses, including felony larceny in Augusta County, Virginia in 1991, breaking and entering in Augusta County, Virginia in 1991, and issuing bad checks in Nelson County Circuit Court, Virginia in 1993.

15. Under federal law governing biological agents and toxins, ricin has been designated as a "select agent" based on the severe threat it poses to public health and safety if it is mishandled.[1] Further, the FBI has a list of select agent facilities and has confirmed that JONES does not work for any of the facilities. He therefore does not legally have access to select agents, including ricin.

16. On December 20, 2021 OSCO Detectives interviewed WITNESS, who stated that JONES has a storage unit with CubeSmart Self Storage, located at 1004 N. Hoagland in Kissimmee, FL. WITNESS stated that agents from the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) recently visited JONES'S residence inquiring about potential weapons on the property. WITNESS stated that following the ATF visit, on the same date, WITNESS saw JONES taking multiple handguns and ammunition out of the house. WITNESS also stated that JONES

---

[1] Ricin is a biological agent or toxin and is listed as a non-overlap or overlap select biological agent or toxin under part 73 of title 42, Code of Federal Regulations, pursuant to section 351A of the Public Health Service Act (42 U.S.C. § 262a); and is not excluded or exempted under part 73 of title 42, Code of Federal Regulations. 18 U.S.C. § 175b(a)(2).

told the WITNESS that the weapons were going to the storage unit and the items would be put inside a lock box.

17. I spoke with ATF agents who advised that on December 6, 2021, ATF agents interviewed JONES in front of his apartment building regarding possession of weapons. JONES confirmed his residence and acknowledged he was prohibited from possessing firearms and ammunition as being a previously convicted felon. JONES declined agents' request to conduct a consent search of his residence for weapons.

18. On December 20, 2021, OCSO Detectives responded to the storage facility and confirmed JONES has an active account, and that on December 6, 2021, JONES arrived at the location to make a payment.

19. On December 21, 2021, the FBI executed federal search warrants on JONES'S vehicle, residence, and storage unit. In the vehicle, additional unknown substances were located and submitted for testing. A search of the residence revealed additional unknown liquid substances, castor beans, vials, documents pertaining to ricin, and ammunition.

20. A search of the storage unit revealed several rifles, a handgun, boxes of ammunition, and a silencer. More specifically, the handgun recovered is a Ruger SR .22 with serial number 364-48289.

21. Sturm, Ruger & Company, Inc., better known by the shortened name Ruger, is an American firearm manufacturing company based in Southport, Connecticut, with production facilities also in Newport, New Hampshire, Mayodan, North Carolina, and Prescott, Arizona.

## CONCLUSION

Based on the above facts and information, I submit that probable cause exists to support the issuance of a criminal complaint for JONES for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). This concludes my affidavit.

_____
Jesuel Cortes, Task Force Officer
Federal Bureau of Investigation

Subscribed and sworn to before me
on this 30th day of December, 2021.

_____
LESLIE R. HOFFMAN
United States Magistrate Judge